Third and
**\*\*SECOND AMENDED COMPLAINT\*\***

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 16 2021

JULIA C. DUDLEY, CLERK
BY: _A. Besson_
DEPUTY CLERK

Jones
_____
District Judge
Assign. by Clerk's Ofc.

Sargent
_____
Mag. Referral Judge
Assign. by Clerk's Ofc.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

For use by Inmates filing a Complaint under

## CIVIL RIGHTS ACT, 42 U.S.C. §1983 or BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971)

Justin J. Allee
_____
Plaintiff full name

16473-047
_____
Inmate No.

7:21cv00088  and

v.

CIVIL ACTION NO. ____7:21-cv-00084_____
(Assigned by Clerk's Office)

Mr. Carvajal, Director of FBOP, et al (see Amended Complaint for list
_____
Defendant(s) full name(s)    of Defendants)

_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**\*The mailing address you provide at A: _"where are you now?"_ is where the court will send mail to you\***

A. **Where are you now?** Facility and Mailing Address ___U.S.P. Lee_____

P.O. Box 305, Jonesville, VA  24263
_____

B. Where did this action take place? __U.S.P. Lee_____

C. Have you begun an action in state or federal court dealing with the same
facts involved in this complaint?

_____ Yes          __x__No

If your answer to A is Yes, answer the following:

1. Court: _____

2. Case Number:_____

D. Have you filed any grievances regarding the facts of this complaint?

__x__Yes          _____No

1. If your answer is Yes, indicate the result:

Have Exhausted All administrative Remedies
_____

2. If your answer is No, indicate why:

E.  Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes.** If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

See  Attached Memorandum Brief

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

See Attached Memorandum Brief

F.  State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

$50,000.00 in totality from and in combination of all Defendants for Compensatory, Punitive, and Declatory Judgement

G.  If this case goes to trial do you request a trial by jury?    Yes___X___    No_____

H.  If I am released or transferred, I understand it is my responsibility to immediately notify the court _in writing_ of any change of address *after* I have been released or transferred or my case may be dismissed.

DATED:___12/10/21___    SIGNATURE:___Justin Allee___

VERIFICATION:

I,___J Allee___, state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertations are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED:___17/10/21___    SIGNATURE:___Justin Allee___

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN VIRGINIA
ROANOKE DIVISION

JUSTIN J. ALLEE,

    Plaintiff,

vs.

Civ. Case No. 7:21cv00084

Civ. Case No. 7:21cv00088

MR. CARVAJAL, Director of FBOP,

MICHAEL E. HOROWITZ, INSPECTOR GENERAL,

JEFFERY D. ALLEN, Medical Director for FBOP,

J.C. PETRUCII, Mid-Atlantic Regional Director of FBOP,

MICHAEL FRAZIER, Mid-Atlantic Coordinator of FBOP,

J.C. STREEVAL, Warden of USP Lee,

MR. HICKS, Assistant Warden of USP Lee,

MR. GOLDEY, Assistant Warden of USP Lee,

MR. KEMMERER, Captain at USP Lee,

MRS. KEMMERER, Unit Manager at USP Lee,

MRS. SAYLORS, Medical Administrator at USP Lee,

N. MOLLICA, Administrative Coordinator at USP Lee,

MR. LAFAVE, Special Investigator LT at USP Lee,

MR. KENYON, LT at USP Lee,

MR. ROBGBINS, C.O. at USP Lee,

MR. BRADBURN, C.O. at USP Lee,

MR. WHITE, C.O. at USP Lee,

MR. THOMAS, C.O. at USP Lee.
MRS. WHITE, at USP Lee,
    Defendants.

## AMENDED COMPLAINT

    COMES NOW, Justin J. Allee, the Plaintiff, Pro se, and per Court's Order, now amends his complaint, combining Case No. 7:21cv00084 and 7:21cv00088. The plaintiff provides the list of Defendants, as those who participated directly in allegations--or

because they were made aware of the incidents and issues at hand, their failing to address the issues made them complacent and accountable, in all sense Respondent Superior.

Wherefore the Petitioner further's his complaints in the attached memorandum pages.

## Declaration

I, Justin Allee, do hereby declare under the penalty of perjury that I placed the aforemention and attached in the legal mailing system here at USP Lee, on this __10__ day of __December__, 2021, first-class postage affixed and pre-paid by handing it to staff, and to be further mailed to the Western District of Virginia, all pursuant to §1746.

Executed On: __17 |10|21__          _Justin Allee_

Amended Complaint/List of Defendants Page 2 of 2

---

## ATTACHED MEMORANDUM BRIEF

---

CLAIM I: <u>Retaliation</u>

On August 28, 202, Plaintiff sent an email to Mr. J.C. Streeval, Warden at U.S.P. Lee, specifically noting that his created policies and customs were not in accordance with CDC guidelines. In less than five (5) hours from submitting the email to Warden Streeval, Captain Kemmerer came to the unit and to Plaintiff's cell; Captain Kemmerer had approximately a dozen officers with him, most unidentifiable because they were wearing deathhead masks (C.O. Bradburn was identifiable and antaganistic; other officers present and in open disagreement as to what was taking place were: C.O. Coffee, L.T. Hamilton, C.O. Martin and L.T. Mullins).

After the initial show of force, the Captain left; most of the remaining officers separated plaintiff and his cellmate, Timothy Padget #18804-058, placing us each in a shower, and stripping us naked before the whole unit; while in the shower, the officers then proceeded to trash the plaintiff's room, throwing all of his property away -- legal briefs, drafts, filings (all of which was going to further his initial informal complaint to the Warden about not following CDC guidelines). While the officers trashed the plaintiff's room, one officer in particular, C.O. Bradburn, kept screaming about getting the plaintiff in the SHU, where he could deal with a non-compliant inmate; there was no mistaking the show of force, the death-head masks, the trasking of all property (especially legal work), the threats by C.O. Bradburn, that all was initiated by J.C. Streeval, Warden of U.S.P. Lee, in

Attachment Page 1

response/retaliation to the email plaintiff had just sent hours before.

As such, it is well know that prison officials may not retaliate against prisoners for asserting the right of freedom of speech nor the attempt to resolve any possible issue before using the courts to do so, e.g. see <u>Siggers-El v. Barlow</u>, 412 F.3d 693 (6th Cir. 2005); attempting to address issues to the Warden is a protected act of trying to gain access to the court.  The Warden's response to the Plaintiff's informal email, that of sending Captain Kemmerer and a dozen officers to humiliate the plaintiff and then to trash all his person property (of an including all his legal paperwork) is most certainly retaliation, see <u>DeTomaso v. mcGinnis</u>, 970 F.2d 211, 214 (7th Cir. 1992)("whether the retaliation takes the form of property or privileges does not matter").

The Plaintiff understands that "....[c]ourts must approach prisoner claims of retaliation with skepticism and particular care," see <u>Dawes v. Walker</u>. 239 F.3d 489, 491 (2nd Cir. 2001), and therefore vehemently asserts that if allowed full discovery process, he will show the Honorable Court the time-stamped email to the Warden, the time-stamped video footage of the noted retaliation, and affidavits/interrogatories, all backing his claims.

CLAIM II: <u>Failure to Follow CDC Guidelines During COVID Epedemic (8th Amendment Violation) and/or Violation of Administrative Procdures Act, as in the Course of</u>

Plaintiff incorporates by reference the entirety of Claim I, supra., in that these are the issues of point the plaintiff now raises now--that he addressed to the Warden which the Warden then initiated the Retaliation subsequently noted.

Since the arrival of Covid-19, the BOP 'Powers that Be' have:

    i) locked all prisoners (but a select few) in their cells, sometimes for 23 hours, with no recreation (physical, mental or spiritual (religious) outlets; with little to no real communication; will little access to programming;

    ii) initially claimed how infectious and deadly Covid is, yet failed to keep infected staff away from inmates-- rather, seeming to intentionally put staff around inmates to infect them; failed to mandate all staff to wear PPE, see <u>Martinez v. Easter,</u> 2nd Circuit (inability to make unionized guards wear PPE, even masks);

    iii) after beginning to test for Covid among staff, Administration ordered two (2) prison wide institutional security searches, yet failed to order staff to wear PPE while searching cells/inmates; request by myself and other inmates to wear or exchange PPE during these searches, e.g. Claim I- Retaliation, supra., was met with threats of violence, loss of property, the taking of entire unit priviledges (recreation, commissary, T.V.s), placed inmates in cuffs, solitary confinement, four-pointed by chaines; the water temperature was either too hot or too cold, regulated by staff with intent of retaliation for raising issues; staff would not regularly empty trash from cells; staff plugged the big industrial fans in to then intentionally spread the virus all the moreso.

During the course of Covid, Plaintiff followed up on emails to the Warden with sensitive complaints to region; Plaintiff also filed with the Attorney General, the Office of Professional Conduct and Responsibility, and the Inspector General. All of

Attachment Page 3

these individuals are listed as defendants as actual participants and/or because they failed to address the issues raised (when brought to them) and therefore were complacent, letting all staff believe all actions were acceptable.

These acts by themselves and considered together are violations of the protections guaranteed by the Eighth Amendment against Cruel and Unusual punishment and the FBOP is an agency that is subject the APA, and as such, the agency's actions are reviewable, _see_ Caldwell v. Miller, 790 F.2d 589 589, 609-610 (7th Cir. 1986)("Where the rights of individuals are affected, it is incumbant upon agencies to follow their own procedures.")(quoting Morton v. Ruiz, 415 U.S. 199, 235, 94 S.Ct. 1055 (1974)).

CLAIM III: Retaliation

Plaintiff incorporates Claims I and II, supra., especially in that the above is the driving force behind the following claim of retaliation.

On January 14, 2021, following Mid-Atlantic directives to file in the institution (instead of sensitive)--meaning staff here at USP Lee were now aware that Plaintiff had just tried to circumvent USP Lee with a sensitive complaint(s)--S.I.S. LaFave and J. Robbins left a Thursday administrative SHU meeting to enter I-Unit and directly go find the plaintiff, strip search the plaintiff, go to plaintiff's cell, plant a weapon in plaintiff's cell, and then find the planted weapon, taking plaintiff to the SHU; it should be noted that S.I.S. LaFave and J. Robbins had previously threatened the plaintiff the weeks prior, specifically because of plaintiff's filing administrative remedies.

While in the SHU, all administrative remedies were seized, destroyed and/or denied; when released from the SHU, all attempts to have an investiation on the weapon found in plaintiff's cell, and the circumstances surrounding the even, resulted in a stonewall.

Further proof of the retaliation/planted weapon would be on January 21 or 28 of 2021 when while doing weekly SHU rounds, the Warden passed by my cell saying, "Well. Told you we'd fix your misconduct free report. We don't negotiate with prisoners." The Captain then said, "Your days are numbered."; all the Administrative staff were doing rounds with the Warden and Captain and interrogatories could flush and fact find.

CLAIM IV: Retaliation

Plaintiff incorporates Claims I, II and II, supra., in that they are all the driving force behind the totality of retaliation against the plaintiff.

Released from the SHU on March 11, 2021, Plaintiff then filed an FOIA and a Sensitive BP-10. Most specifically, Mrs. Kemmerer told plaintiff in front of C.O. S.K. White and T. homas, that if plaintiff file3s concerning staff using incident reports and management variables to deny transfers and releases, or if plaintiff files on any other issue, that Plaintiff would be assaulted and placed back in the SHU. C.O. T. Thomas told Plaintiff (while C.O. S.K. White listened and nodded affirmingly), "You don't listen. Now that we know who you are, we can't wait to get you in the SHU and fuck you up."

Plaintiff then filed, and C.O. S.K. White did exactly what was threatened--he planted a weapon in Plaintiff's locker and

the took plaintiff to the SHU.

Attachment Page 6

Justin Allee #16473-047
United States Penitentiary Lee
PO Box 305
Jonesville, VA  24263



Clerk of Court
Office of the Clerk
210 Franklin Rd., Rm. 540
Roanoke, VA 24011

24011-000340