# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JUSTIN JAMES ALLEE,** )<br>    Plaintiff, )<br> )<br>**v.** )<br> )<br>**CARVAJAL,** *et al.***,** )<br>    Defendants. ) | **OPINION AND ORDER**<br>Case No. 7:21cv00084 |
| **JUSTIN JAMES ALLEE,** )<br>    Plaintiff, )<br> )<br>**v.** )<br> )<br>**CARVAJAL,** *et al.***,** )<br>    Defendants. ) | Case No. 7:21cv00088<br><br>By: Pamela Meade Sargent<br>United States Magistrate Judge |

Plaintiff, Justin J. Allee, filed these two civil rights complaints against federal prison officials, apparently pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The court conditionally filed both actions and advised Allee that his claims against dozens of federal prison officials were too general and unrelated to his own experience to provide grounds for an actionable claim under *Bivens*. The court granted Allee an opportunity to file an Amended Complaint in each of these actions, raising in each only properly joined claims against individual defendants in each case.

Allee responded to the court's Order by filing identical Amended Complaints in each of the two actions, asserting his intention to combine them into one case. Allee's Amended Complaint, while an improvement over his initial Complaint, still

raises four distinct claims. Claims (1) and (2) are arguably related. The other two claims, however, assert separate claims concerning multiple defendants allegedly involved in separate and unrelated events in different time periods. Allowing such claims to go forward all in the same case is inconsistent with the Federal Rules of Civil Procedure and federal statutes regarding prisoner civil actions. *See* FED. R. CIV. P. 18, 20; 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c). For the reasons herein explained, the court will sever the Amended Complaint into three separate civil actions, have them docketed as such, and require Allee to consent to paying the filing fee for the third case through installment payments from his inmate trust account, if he intends to pursue all four claims.

I.

As stated, Allee is apparently asserting *Bivens* claims arising from four sets of events, against eighteen employees of the Federal Bureau of Prisons, ("BOP").[1] All of these events occurred, at separate times and involving separate individuals, when Allee was incarcerated at the United States Penitentiary in Lee County, Virginia, ("USP Lee"):[2]

---

[1] The defendants named in the Amended Complaint are: Carvajal, BOP Director; Michael E. Horowitz, Inspector General; Jeffery D. Allen, BOP Medical Director; J. C. Petrucii, BOP Mid-Atlantic Regional Director; Michael Frazier, BOP Mid-Atlantic Coordinator; and the following USP Lee officials: J. C. Streeval, Warden; Hicks, Assistant Warden; Goldey, Assistant Warden; Mr. Kemmerer, Captain; Mrs. Kemmerer, Unit Manager; Mrs. Saylors, Medical Administrator; N. Mollica, Administrative Coordinator; LaFave, Special Investigator; Lieutenant Kenyon; Officer Robbins (misspelled in the heading of the case as Robgbins); Officer Bradburn; Officer White; Officer Thomas; and Mrs. White.

[2] The fact that the court has construed Allee's Complaint as asserting four claims under *Bivens* does not constitute any ruling on the possible legal and/or factual merit of the asserted claims.

(1) On August 28, 2020,[3] Allee sent an email to Warden Streeval, complaining about "his created policies and customs that were not in accordance with CDC guidelines"; five hours later, in retaliation for the email, Captain Kemmerer, Officer Bradburn, and other officers came to Allee's cell in "deathhead masks," separated Allee and his cellmate, placed them in showers, "strip[ped] them naked before the whole unit," and "proceeded to trash [Allee's] room, throwing all of his property away — legal briefs, drafts, filings (all of which was going to further his initial informal complaint to the Warden about not following CDC guidelines); Officer Bradburn screamed threats about getting Allee in "SHU, where he could deal with a non-compliant inmate" in retaliation for Allee's prior complaints to Streeval. (Am. Compl. 5-6, Docket Item No. 12.)

(2) Warden Streeval[4] failed to follow CDC guidelines during the COVID epidemic by (a) locking "all prisoners (but a select few) in their cells, sometimes for 23 hours, with no recreation (physical, mental or spiritual (religious) outlets[)], with little to no real communication, will [sic] little access to programming" (*id.* at 7); (b) failed to keep infected staff away from inmates or

---

[3] The Amended Complaint cites "August 28, 202 [sic]" as the date for this email. Because the events described in Claims (1) and (2) apparently occurred *before* the events in Allee's other two claims regarding events in early 2021, the court will presume that the intended year in Claims (1) and (2) was 2020.

[4] Allee alleges that he informed the following defendants of Streeval's actions: the Inspector General.

3

        to mandate that staff wear "PPE" (*id.*); (c) after testing began for COVID, Streeval ordered two prison-wide security searches, but failed to require staff to wear "PPE" while searching inmates or their cells, and Allee's requests to wear "PPE" himself "was met with threats of violence, loss of property, the taking of entire unit privileges (recreation, commissary, T.V.s) (*id.*); inmates were

> placed in cuffs, solitary confinement, four-pointed by chaines [sic]; the water temperature was either too hot or too cold, regulated by staff with intent of retaliation for raising issues; staff would not regularly empty trash from cells; staff plugged the big industrial fans in to then intentionally spread the virus all the moreso.

(*Id.*)

(3)    On January 14, 2021, after Allee had tried to file a "sensitive complaint" to the regional administration, he was directed to file it at USP Lee, which he did; thereafter, "S.I.S. LaFave and J. Robbins" came to Allee's unit, strip searched him, went to his cell, planted a weapon in that cell, "found the planted weapon," and took Allee to the "SHU" (*id.* at 8.); LaFave and Robbins had threatened Allee weeks before, because of his filing administrative remedies; officers seized Allee's administrative remedies and his requests for an investigation "resulted in a stonewall" (*id.* at 9); in late January 2021, while doing SHU rounds, the warden and the captain made statements about the retaliatory intent of these events.

(4)   Released from SHU on March 11, 2021, Allee filed a request a "FOIA" and a "sensitive BP-10" (*id.*); Ms. Kemmerer told him that if he filed documents "concerning staff using incident reports and management variables to deny transfers and releases," or on any other issue, Allee "would be assaulted and placed back in the SHU" (*id.*); Thomas told Allee (as White listened and nodded), "You don't listen.  Now that we know who you are, we can't wait to get you in the SHU and f*** you up" (*id.*); Allee "then filed, and [White] did exactly what was threatened—he planted a weapon in [Allee's] locker," and he went to the SHU (*id.* at 9-10).

As relief in the Amended Complaint, Allee seeks compensatory and punitive damages and declaratory relief.

## II.

The Amended Complaint is not consistent with Federal Rules of Civil Procedure Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action.  Rule 18(a) allows a plaintiff to join *only* "as many claims as it has against an [one] opposing party" (emphasis added).  On the other hand, Rule 20 allows the joinder of several parties *only* if the claims arose out of the same transaction or occurrence or series thereof *and* contain a question of fact or law common to *all* the defendants.  *See* FED. R. CIV. P. 20.  Thus, if the claims arise out of different transactions and do not each involve *all* defendants, joinder of the claims in one lawsuit should not be allowed.

Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." *Green v.*

*Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). These procedural rules apply with equal force to *pro se* prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" *Green*, 2009 WL 484457, at *2 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

In addition, to allow Allee to pay one filing fee for one case, as he has now requested, joining disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in the face of the letter and spirit of the Prison Litigation Reform Act ("PLRA"). PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner — through prepayment or through partial payments withheld from the inmate's trust account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's past litigation in federal court includes three or more cases dismissed as frivolous, malicious or as stating no claim for relief. *See gen.* 28 U.S.C. §§ 1915(b), (e), and (g), and 1915A. "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green*, 2009 WL 484457, at *2.

To allow plaintiff to essentially package several lawsuits into one case would undercut the PLRA's three-strikes provision and its filing fee requirement.[5]

Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to sever claims. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may . . . sever any claim against a party"). Thus, the court has inherent power to control its docket and the disposition of its cases with "economy of time and effort" for the court and the parties. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

III.

As stated, Allee's Amended Complaint may not proceed as it is presently constituted, because it improperly joins together multiple, unrelated claims and multiple, unrelated defendants. It is, in fact, three separate lawsuits bundled into one omnibus Amended Complaint: (A) one lawsuit about COVID-related conditions at USP Lee and retaliation Allee allegedly suffered when he complained to officials about those conditions; (B) a second lawsuit about alleged actions by LaFave and Robbins against Allee allegedly in retaliation for a sensitive administrative remedy he filed at USP Lee in January 2021; and (C) a third lawsuit about allegedly retaliatory actions White took against Allee for an administrative remedy Allee filed after March 11, 2021.

---

[5] *See also Green*, 2009 WL 484457, at *3 ("To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be [a] "strike" under 28 U.S.C. § 1915(g).")

Accordingly, the court will sever Allee's Amended Complaint into three separate lawsuits. Claims (1) and (2), as designated in Section II of this Opinion and Order, regarding COVID-related conditions and alleged retaliation in summer 2020, will go forward in *Allee v. Carvajal, et al.*, No. 7:21cv00084. The Amended Complaint, however, will also go forward in *Allee v. Carvajal, et al.*, Case No. 7:21cv00088, only as to Claim (3), alleging retaliation in January 2021 involving LaFave and Robbins. Finally, the clerk will docket a photocopy of the Amended Complaint in an additional, separate *Bivens* case, but only Claim (4), alleging retaliatory actions by White will be considered in this new civil action. The court will provide Allee with the new case number for this third case once it has been assigned.

This Opinion and Order does not address the possible merit of any of the claims Allee has pled in the Amended Complaint, and the Opinion and Order does not deprive him of his right to litigate any of those claims. He simply may not litigate all of his unrelated claims against all the defendants in this single lawsuit, while being held accountable for only one filing fee. If Allee chooses to proceed with Claim (4) in the new, separate lawsuit, he will be required to consent to payment of a filing fee in that case, as he has done in two existing cases. If he does not wish to proceed with three lawsuits, he may move to dismiss without prejudice one or both of the existing lawsuits and he may also decline to consent to pay the filing fee for the new case. Dismissal of one, two, or all three of the cases would leave Allee free to refile his claims at some future date, subject to the applicable period of limitations, the joinder rules, and the PLRA.

III.

In accordance with this Opinion, it is **ORDERED** as follows:

1. The Clerk will correct the spelling of Defendant Robbins name on the docket. (it was misspelled in the Amended Complaint heading as "Robgbins").

2. Claims (1) through (4), as described above, are hereby **SEVERED** into three separate civil actions against *all named defendants*, as follows:[6]

    a. *Allee v. Carvajal, et al.*, Case No. 7:21cv0084, **SHALL** now include only Claims (1) and (2), regarding alleged COVID-related conditions and retaliatory actions against Allee at USP Lee in Summer 2020; **the Clerk SHALL state in the docket text of this Opinion and Order that only Claims (1) and (2) will be considered in that case**;

    b. *Allee v. Carvajal, et al.*, Case No. 7:21cv00088, **SHALL** now include only Claim (3), regarding alleging retaliation in January 2021 involving LaFave and Robbins; **the Clerk SHALL state in the docket text of this Opinion and Order that only Claim (3) will be considered in that case**; and

    c. *Allee v. Carvajal, et al.*, the new case to be opened based on the Amended Complaint, **SHALL** include only Claim (4), about allegedly retaliatory actions White took against Allee for an administrative remedy Allee filed after March 11, 2021;

3. The Clerk is **DIRECTED** to docket in the new and separate civil action a copy of the Amended Complaint, a copy of this Opinion and Order (as an attachment to the Amended Complaint), the Statement of Assets

---

[6] At this early stage of the cases, the court will continue to list all of the defendants named in the Amended Complaint as defendants to each of the three severed cases. This fact should not be considered as any court ruling that the Amended Complaint states claims against all of these individuals.

9

and the Prisoner Trust Account Report, (Case No. 7:21cv00088, Docket Item Nos. 3 and 5); **in the new case, the Clerk SHALL state in the docket text of the Amended Complaint that only Claim (4) will be considered in that case**;

4. In the new civil action, the court **WILL** issue an order requiring Allee to execute and return a Consent to Fee form agreeing to pay the $350.00 filing fee for that new civil action if he intends to pursue Claim (4) in that case if he intends to continue litigating that claim; failure to return an executed Consent to Fee form in that new case will result in its dismissal without prejudice;

5. If Allee does *not* intend to pursue Claims (1) and (2) in Case No. 7:21cv00084, or does *not* intend to pursue Claim (3) in Case No. 7:21cv00088, he is **DIRECTED** to submit within 14 days from the date of the entry of this Order a Motion for Voluntary Dismissal of those civil actions without prejudice. If he does not withdraw either of these civil actions within the allotted time, the court will consider the claims under the PLRA, 28 U.S.C. § 1915A(b)(1), and either summarily dismiss the action if it fails to state a claim upon which relief could be granted, or will direct the Clerk to attempt service of process on the defendants and order collection of the $350 filing fee for that case to begin;

The Clerk will mail Allee a copy of this Opinion and Order.

**ENTERED:** January 28, 2022.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE