# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JUSTIN J. ALLEE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00084 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **J. C. STREEVAL, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Justin J. Allee, Pro Se Plaintiff.*

The plaintiff, Justin James Allee, a federal inmate proceeding pro se, filed this civil rights action under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). The case is currently before me on his motions seeking interlocutory injunctive relief. After review of the record, I conclude that the motions must be denied.

Allee filed this action in February 2021, raising numerous misjoined claims. After he filed two Amended Complaints, the court severed his claims into three separate civil actions. The claims remaining in this case challenged living conditions related to COVID-19 restrictions at United States Penitentiary Lee (USP Lee), which Allee contends did not follow recommended protections against the virus, and

alleged retaliatory actions taken against Allee in the fall of 2020 after he complained about conditions and the COVID protections.

In May 2022, Allee filed his first motion seeking interlocutory injunctive relief, ECF No. 26. Specifically, he complains that officials at USP Lee have initiated a practice of locking down all inmates in a housing unit for the infraction by one inmate housed in that unit. While the unit is locked down, officers do not come regularly to pick up inmates' outgoing mail; inmates cannot leave their cells to use the electronic law library; out-of-cell recreation and exercise breaks are cancelled; and inmates cannot participate in vocational or other programming necessary for them to qualify for good conduct time. Allee believes this lockdown practice violates his constitutional rights and asks the court to order USP Lee officials to discontinue it.

In June 2022, Allee filed another motion seeking interlocutory injunctive relief, ECF No. 35, on behalf of another inmate, Marcos Santiago. Allee alleges that on June 7, 2022, officials physically abused Santiago in some way (out of sight of other inmates) and coerced him into making some sort of statement to retaliate against Santiago for "addressing by legal remedy human rights violations" of an unspecified nature. *Id.* at 2. As relief in the motion, Allee asks the court to issue an interlocutory order for USP Lee officials to save camera footage of Santiago, to order

his immediate release from restraints and special housing, and to order officials to stop using restraints and harassing inmates who file lawsuits or grievances.

On August 8, 2022, the court received a third motion from Allee, seeking interlocutory relief, ECF No. 44. This submission complains that USP Lee officials had not provided him with immediate access to a copy of the docket sheet for his case after the court clerk mailed it to him. He also complains that when the mailroom received "two legal letters" from the court addressed to Allee, staff opened them outside his presence, stating that the legal mail status was not clearly marked on the mailing. *Id.* at 1. Allee asks the court to order officials to allow him to see his docket sheet and to stop opening legal mail outside inmates' presence.[1]

On October 3, 2022, the court received a fourth motion from Allee, seeking immediate court intervention, ECF No. 57. Allee asks the court to order USP Lee officials "to eliminate the SHU [Special Housing United] cells in the general housing Units." *Id.* at 1. As in his earlier motion, Allee complains that when officials place an inmate in one of these SHU cells for committing some infraction, the entire housing unit is locked down until that inmate is released from disciplinary

---

[1] Also in August 2022, the defendants filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment as to the underlying claims going forward in this lawsuit — regarding COVID-19 living conditions and alleged retaliation against Allee in the fall of 2020. Among other things, the defendants argue that Allee failed to exhaust administrative remedies as to these claims and that they are entitled to qualified immunity against any claims for damages regarding COVID-19 restrictions. Allee has responded to this motion, and I will address it in a separate Opinion and Order.

confinement or moved elsewhere. He alleges that all inmates in a locked down unit temporarily lose visitation, phone privileges, outside recreation, showers, attendance to religious services, and other privileges and rights. While the disciplined inmate receives procedural protection before these restrictions are imposed, other inmates in the unit do not. According to Allee, staff have told him to "suck it up and get used to it because this place is overcrowded and we have no where else to house the inmates that decide that they want to violate the rules." *Id.* at 3 n.1. Allee contends that these practices violate his statutory rights under the First Step Act in unspecified ways, as well as his constitutional rights to due process and to be free from cruel and unusual punishment.

As an initial matter, because Allee is not an attorney, he is not permitted to represent any person in federal court other than himself. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Myers v. Loudon Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others). Accordingly, I must deny Allee's motion seeking relief on behalf of another inmate, Santiago.

As indicated by the summaries of Allee's allegations, I have reviewed his motions and the underlying claims pending in this lawsuit. I conclude that the events

at issue in Allee's pending motions are entirely unrelated to the actions of the defendants alleged in his § 1983 claims in this lawsuit.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.*

Allee's motions fail to make these showings. The events at issue in his motions involve events that occurred months after the events alleged in the two claims going forward in this case. As stated, the claims being litigated involve conditions during COVID-19 restrictions, the sufficiency of those restrictions, and alleged retaliation against Allee. Yet, his pending motions involve entirely separate events — make-shift segregated housing cells because of overcrowding, resulting in temporary limitations on privileges and services, and alleged problems with incoming legal mail. The issues in the motions bear no relation to the issues in the claims going forward in this case. I also cannot find that the incidents or practices described in the motions implicate any imminent risk of irreparable harm to Allee, as required to warrant the extraordinary, interlocutory relief he is seeking from the court. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

For the reasons stated, it is **ORDERED** that the motions seeking interlocutory relief, ECF Nos. 26, 35, 44, and 57, are DENIED.

        ENTER:   October 17, 2022

        /s/  JAMES P. JONES
        Senior United States District Judge